IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ADOLFO ROSARIO,** | ) |
| Plaintiff, | ) No. 24 CV 11278 |
| v. | ) Judge Sunil R. Harjani |
| **REYNALDO GUEVARA, *et al.*,** | ) |
| Defendants. | ) |

### DEFENDANT KINNERK'S MOTION TO DISMISS COUNT V

NOW COMES defendant, former Assistant State's Attorney Mary Beth Kinnerk (hereafter referred to as "ASA Kinnerk"), by and through her attorneys, Oberts Galasso Law Group, and submits this motion to dismiss Counts V (failure to intervene) of Plaintiff's First Amended Complaint pursuant to Fed. Rule Civ. Pro. 12(b)(6). In support thereof, Defendant Kinnerk states as follows:

### BACKGROUND

Plaintiff's[1] First Amended Complaint ("FAC") stems from his 1988 arrest and prosecution for the Hawkin's murder. Dkt. #11. Plaintiff was convicted of the Hawkins' murder in 1991. *Id*. at ¶ 55. In 2022, Plaintiff's conviction was vacated and the indictment against him was dismissed. *Id*. at ¶ 58. Plaintiff alleges that ASA Kinnerk took a court-reported statement from Tony Melicio where he implicated Plaintiff in the Hawkins's murder. *Id*. at ¶ 39. Plaintiff alleges Melicio's statement was false, fabricated, and the result of coercion. *Id*. at ¶ 36-39.

---

[1] Adolfo Rosario is deceased. (Dkt. #76). The Court has granted Plaintiff's motion appointing an independent administrator and substituted Alexis Rosario, Independent Administrator of the Estate of Adolfo Rosario as Plaintiff. Dkt. (#93). Plaintiff's counsel has not amended the complaint to reflect the change in Plaintiff. When referring to "Plaintiff", Defendant Kinnerk is referring to deceased former Plaintiff Adolfo Rosario.

1

Additionally, Plaintiff alleges ASA Kinnerk took a court reported statement from Segovia. *Id*. at ¶ 42. Plaintiff alleges Segovia's statement was false, fabricated, and the result of coercion. *Id*. Plaintiff alleges ASA Kinnerk acted in a conspiracy with the Defendant Officers to frame Plaintiff for the Hawkins murder. *Id*. at ¶ 19.

Plaintiff sues multiple former Chicago Police Officers, the City of Chicago, the County of Cook, and former Assistant State's Attorney Kinnerk. Plaintiff alleges the following counts against ASA Kinnerk: Count I- 42 U.S.C. §1983 Due Process: Fabrication of Evidence, Count II- 42 U.S.C. §1983 *Brady* violations, Count III- 42 U.S.C. §1983 Malicious Prosecution and Unlawful Detention, Couint IV- 42 U.S.C. §1983 Conspiracy to Violate Constitutional Rights, Count V- 42 U.S.C. §1983 Failure to Intervene.

Mary Beth Kinnerk was an Assistant State's Attorney with the Cook County State's Attorney acting within scope of her employment. Dkt. #11, ¶ 19, 170. In her capacity as an Assistant State's Attorney, she took statements from Plaintiff's criminal co-defendants. *Id*.

## **LEGAL STANDARD**

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts accept as true the well-pled facts of a complaint and draw all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). A court is not required, however, to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and not its merits. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). In order to withstand a motion to dismiss, Plaintiffs' Complaint must describe the claim in sufficient detail to give the Defendants fair notice of the claim and the grounds upon which the claim is based. *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the Complaint merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it fails to satisfy the pleading requirements and dismissal is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Additionally, the Complaint must plausibly suggest Plaintiff's right to relief beyond a speculative level. *See Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. at 555.

## ARGUMENT

### FORMER ASA KINNERK IS ENTITLED TO QUALIFIED IMMUNITY FOR PLAINTIFF'S CLAIMS OF FAILURE TO INTERVENE IN COUNT V

The qualified immunity doctrine "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v Callahan,* 555 U.S. 223, 231 (2009) (internal quotations omitted). In assessing whether a state actor is entitled to qualified immunity, courts undertake a two-part inquiry. *Saucier v Katz*, 533 U.S. 194, 200 (2001). First, courts consider whether the facts alleged set forth a violation of a constitutional right. *Id.* at 201. Second, courts consider whether the right was clearly established at the time of the alleged misconduct. *Id.* Courts have discretion to decide which of these two prongs "should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. As with absolute immunity, qualified immunity entitles defendants to immunity from suit rather than just a defense from liability. *Mitchell v Forysyth,* 472 U.S. 511, 526 (1985).

ASA Kinnerk is entitled to qualified immunity on Plaintiff's failure to intervene claim (Count V) because there was no clearly established duty for prosecutors to intervene in the misconduct of police officers under the circumstances alleged in the complaint in 1988. A right is clearly established when, at the time of the challenged conduct, the contours of a right are

3

"sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 640, 639-40 (1987) To show that the right in question was clearly established at the time the alleged violation occurred, a plaintiff must point to closely analogous cases which establish that the conduct was unlawful or demonstrate that the violation was so obvious that a reasonable state actor should know that what he is doing—or in this case not doing—violates the constitution. *Vickery v. Jones*, 100 F.3d 1334, 1339-40 (7th Cir. 1996); see also *Lunini v. Grayeb*, 395 F.3d 761, 769 (7th Cir. 2005) ("[T]he plaintiff must demonstrate either that a court has upheld the purported right in a case factually similar to the one under review, or that the alleged misconduct constituted an obvious violation of a constitutional right."). "Although the plaintiff need not point to a case directly on point, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Doe v. Village of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015) (quoting *Ashcroft v. Al-Kidd,* 131 S.Ct. 2074, 2083 (2011) (emphasis added)).

In *Whitlock*, the 7th Circuit first held that prosecutors are held to the same standard of liability as a police officer. *Whitlock v. Brueggemann*, 682, F.3d 567, 583. (7th Cir. 2012). Prior to the Whitlock decision, Courts in this district declined to recognize failure to intervene claims against prosecutors. See, e.g., *Gordon v. Devine*, 2008 WL 4594354, at *17 (N.D. Ill. 2008) ("[N]either the Seventh Circuit, nor any Northern District of Illinois court, has recognized a failure to intervene claim against a prosecutor. Additionally, [the plaintiff] does not cite any cases from any court recognizing this claim."); *Andrews v. Burge*, 660 F. Supp. 2d 868, 876 n.6 (N.D. Ill. 2009) ("Judge Aspen was clearly correct in deciding that the duty to intervene applicable to police officers is not to be imposed on prosecutors."); *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 773 (N.D. Ill. 2012) ("[The Plaintiff] . . . argues that because prosecutors have an

4

ethical duty to ensure that justice is carried out in a constitutional and humane manner, they should be held accountable for failing to intervene in a constitutional violation. This court . . . declines to extend [failure to intervene claims] to defendant prosecutors[.]")

Since the *Whitlock* decision, counts in this district have routinely found that a prosecutor's duty to intervene was not clearly established prior to 2012. *Wilson v. Est. of Burge*, No. 21-CV-03487, 2023 WL 2750946, at *23 (N.D. Ill. Mar. 31, 2023); *Serrano v. Guevara*, 315 F. Supp. 3d 1026, 1038 (N.D. Ill. 2018); *Andrews v. Burge*, 660 F. Supp. 2d 868, 876 (N.D. Ill. 2009). *Abrego v Guevara*, 23-cv-01240 (N.D. Ill. 2023) at Dkt. #123, pg. 18-23., *Cruz v. Guevara*, 23-cv-4268 (N. D. Ill. 2024) at Dkt. #309, pg. 22. In all of the aforementioned cases, the plaintiffs alleged they were "framed" for the murders with the alleged direct participation of prosecutors. *Id*. In *Abrego*, the prosecutor was alleged to have manufactured the false and coerced statement alongside the officers, with knowledge the suspect had been physically abused by police and soiled himself. *Abrego v. Guevara*, No. 23-CV-1740, 2024 WL 3566679, at *7 (N.D. Ill. July 29, 2024). In *Cruz*, the prosecutor was alleged to have manufactured statements from witnesses to break plaintiff's alibi and discredit an exculpatory witness. *Cruz v. Guevara*, 23-cv-4268 (N. D. Ill. 2024), Dkt. #44, 327. Both *Abrego* and *Cruz* allege abuse and misconduct by two of the same group of officers as alleged to have engaged in similar misconduct here; Defendants Anthony Wojcik and Raymond Guevara. *Id*.

Former ASA Kinnerk respectfully requests this Court grant her qualified immunity as to Plaintiff's failure to intervene claim and dismiss Count V with prejudice.

## **CONCLUSION**

WHEREFORE, Defendant former Assistant State's Attorney Mary Beth Kinnerk requests this Honorable Court dismiss counts V with prejudice and for such other relief as this Court deems appropriate.

                                                        Respectfully submitted,

                                                        s/ William B. Oberts
                                                        Special State's Attorney for
                                                        defendant, Mary Beth Kinnerk

William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
181 West Madison, Suite 4700
Chicago IL 60602
Wboboerts@obertsgalasso.com
kckirk@obertsgalasso.com